UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GEOVANNI PAGÁN HERNÁNDEZ,

          Plaintiff,

v.                                   Case No. 22-CV-101

MILWAUKEE COMPOSITES, INC.,

          Defendant.

## ORDER GRANTING PLAINTIFF'S REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE

Currently pending before the court is plaintiff Geovanni Pagán Hernández's Request to Proceed in District Court without Prepaying the Filing Fee. (ECF No. 2.) Having reviewed the plaintiff's request, the court concludes that Pagán Hernádez lacks the financial resources to prepay the fees and costs associated with this action. Therefore, his Request to Proceed in District Court without Prepaying the Filing Fee will be granted.

Because the court is granting Pagán Hernández's Request to Proceed in District Court without Prepaying the Filing Fee, it must determine whether the complaint is legally sufficient to proceed. 28 U.S.C. § 1915. Congress sought to ensure that no citizen

would be denied the opportunity to commence a civil action in any court of the United States solely due to poverty. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To balance these competing concerns, before the court can allow a plaintiff to proceed in forma pauperis it must determine that the case neither (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, nor (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. Although factual allegations must be weighed in favor of the plaintiff, that does not mean that the court is required to accept without question the truth of the plaintiff's allegations. *Denton*, 504 U.S. at 32. Thus, a court may dismiss a claim as frivolous if it is "clearly baseless," "fanciful," "fantastic,"

"delusional," "irrational," "wholly incredible," or "based on an indisputably meritless legal theory." *Id.* at 32-33. A court may not dismiss a claim as frivolous simply because "the plaintiff's allegations are unlikely." *Id.*

A claim might not be frivolous or malicious but nonetheless fail to state a claim upon which relief may be granted and, therefore, be subject to dismissal. In determining whether a complaint is sufficient to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon

3

which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

If the complaint contains well-pleaded, non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations raised in Pagán Hernández's complaint. Pagán Hernández alleges that he worked at defendant Milwaukee Composites, Inc., from February 26, 2018 through October 9, 2019. (ECF No. 1 at 2.) He alleges that on October 9, 2019, Milwaukee Composites terminated him for "making a 'mistake' on the CIVC machine the day before." (*Id.*) He describes being "left alone while still in training," but being told that "I could cut them." (*Id.* at 2-3.) He also describes being trapped in an office, unable to leave until he signed his dismissal. (*Id.* at 3.) He asks for "lost wages and damages for [his] suffering [in] the amount of 7 million and 500 thousands (sic) dollars." (*Id.*)

In making these allegations, Pagán Hernández fails to cite any statute or constitutional provision on which his claims rely. Therefore, his complaint cannot be properly screened. If Pagán Hernández chooses to file an amended complaint setting

forth the specific statute or constitutional provision which he believes entitle him to relief, the court will determine whether the amended complaint may proceed pursuant to 28 U.S.C. § 1915(e)(2)(B). If no amended complaint is received by February 28, 2022, the court will recommend that this action be dismissed for failure to state a claim upon which relief may be granted.

**IT IS THEREFORE ORDERED** that the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee, (ECF No. 2), is **granted**.

**IT IS FURTHER ORDERED** that, if no amended complaint is received by February 28, 2022, the court will recommend that this action be dismissed for failure to state a claim upon which relief may be granted.

Dated at Milwaukee, Wisconsin this 27th day of January, 2022.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge