# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GEOVANNI PAGÁN HERNÁNDEZ,

    Plaintiff,

v.                                          Case No. 22-CV-101

MILWAUKEE COMPOSITES, INC.,

    Defendant.

## REPORT AND RECOMMENDATION

Before the court is plaintiff Geovanni Pagán Hernández's amended complaint. (ECF No. 6.) This court previously granted his Request to Proceed in District Court without Prepaying the Filing Fee but ordered him to submit an amended complaint. (*See* ECF No. 3.) Because Pagán Hernández has been granted leave to proceed without prepayment of the filing fee, the court must determine whether the amended complaint is legally sufficient to proceed. 28 U.S.C. § 1915.

In ordering Pagán Hernández to file an amended complaint, this court directed him to set forth "the specific statute or constitutional provision which he believes entitle him to relief." (ECF No. 3 at 4-5.) His amended complaint fails to do so. However,

because he is proceeding pro se, Pagán Hernández's amended complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In his amended complaint Pagán Hernández writes he "would like to take legal action against [defendant] Milwaukee Composites, Inc. for discrimination due to the fact that they violated my rights because of my primary language." (ECF No. 6 at 2.) He describes how, "due to the language barrier," Milwaukee Composites employee Nate Janusiak told him to go to "human resources" because Janusiak "was not going to train" him. (*Id.* at 2-3.) In short, Pagán Hernández appears to be asserting a Title VII claim for employment discrimination on the basis of his national origin. *See* 29 C.F.R. § 1606.1 ("Definition of National Origin Discrimination").

"[A] plaintiff alleging employment discrimination under Title VII may allege these claims quite generally." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Even after *Twombly*, to state an employment discrimination claim a plaintiff need aver only that an employer took an adverse action due to the plaintiff's protected status. S*ee id.* at 1084 (discussing *Equal Employment Opportunity Commission v. Concentra Health Services, Inc.*, 496 F.3d 773 (7th Cir. 2007)). Pagán Hernández's Amended Complaint identifies the type of discrimination that he thinks occurred (national origin), by whom (Milwaukee Composites and its employee Nate Janusiak), and when (in the fall of 2019, when Janusiak refused to train him due to the "language barrier"). *See Swanson v.*

*Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010). He claims that the lack of training ultimately led to his termination. (*See* ECF No. 6 at 4.)

**IT IS THEREFORE RECOMMENDED** that Pagán Hernández's Title VII claim be allowed to proceed.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal

Dated at Milwaukee, Wisconsin this 28th day of February, 2022.

WILLIAM E. DUFFIN
U.S. Magistrate Judge