# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GEOVANNI PAGÁN HERNÁNDEZ,

        Plaintiff,

v.                               Case No. 22-CV-101

MILWAUKEE COMPOSITES, INC.,

        Defendant.

# ORDER

On February 28, 2022, the court screened the plaintiff's amended complaint. (ECF No. 7.) In doing so, the court erroneously issued that decision as a Report and Recommendation rather than as an Order. The court now vacates that Report and Recommendation and the referral of this matter to the Honorable Brett H. Ludwig. The court now reissues its prior decision as an Order:

Before the court is plaintiff Geovanni Pagán Hernández's amended complaint. (ECF No. 6.) This court previously granted his Request to Proceed in District Court without Prepaying the Filing Fee but ordered him to submit an amended complaint. (*See* ECF No. 3.) Because Pagán Hernández has been granted leave to proceed without

prepayment of the filing fee, the court must determine whether the amended complaint is legally sufficient to proceed. 28 U.S.C. § 1915.

In ordering Pagán Hernández to file an amended complaint, this court directed him to set forth "the specific statute or constitutional provision which he believes entitle him to relief." (ECF No. 3 at 4-5.) His amended complaint fails to do so. However, because he is proceeding pro se, Pagán Hernández's amended complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In his amended complaint Pagán Hernández writes he "would like to take legal action against [defendant] Milwaukee Composites, Inc. for discrimination due to the fact that they violated my rights because of my primary language." (ECF No. 6 at 2.) He describes how, "due to the language barrier," Milwaukee Composites employee Nate Janusiak told him to go to "human resources" because Janusiak "was not going to train" him. (*Id.* at 2-3.) In short, Pagán Hernández appears to be asserting a Title VII claim for employment discrimination on the basis of his national origin. *See* 29 C.F.R. § 1606.1 ("Definition of National Origin Discrimination").

"[A] plaintiff alleging employment discrimination under Title VII may allege these claims quite generally." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Even after *Twombly*, to state an employment discrimination claim a plaintiff need aver only that an employer took an adverse action due to the plaintiff's protected status. *See*

2

Case 2:22-cv-00101-WED   Filed 03/01/22   Page 2 of 4   Document 8

*id.* at 1084 (discussing *Equal Employment Opportunity Commission v. Concentra Health Services, Inc.*, 496 F.3d 773 (7th Cir. 2007)). Pagán Hernández's Amended Complaint identifies the type of discrimination that he thinks occurred (national origin), by whom (Milwaukee Composites and its employee Nate Janusiak), and when (in the fall of 2019, when Janusiak refused to train him due to the "language barrier"). *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010). He claims that the lack of training ultimately led to his termination. (*See* ECF No. 6 at 4.)

**IT IS THEREFORE ORDERED** that this court's prior Report and Recommendation and referral of this action to the Honorable Brett H. Ludwig (ECF No. 7) is vacated.

**IT IS FURTHER ORDERED** that Pagán Hernández's Title VII claim is allowed to proceed.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(2), the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon defendants**.** Even though the plaintiff has been permitted to proceed in forma pauperis in this case, the plaintiff is still responsible for the cost of serving the complaint on the defendants. The plaintiff is advised that Congress requires the Marshals Service to charge for making or attempting to make such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8 per item. The full fee schedule is provided in

Revision to United States Marshals Service Fees for Services. 28 C.F.R. § 0.114(a)(2), (a)(3).

**IT IS FURTHER ORDERED** that all of the plaintiff's filings with the court shall be mailed to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, WI 53202

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS. It will only delay the processing of the matter.

The plaintiff should also retain a personal copy of each document.

The plaintiff is further advised that the failure to comply with all deadlines in this matter may have serious consequences, which may include the loss of certain rights or the dismissal of this action.

In addition, the plaintiff must immediately notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 1st day of March, 2022.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge