# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GEOVANNI PAGAN HERNANDEZ,

                Plaintiff,

       v.                                 Case No. 22-CV-101

MILWAUKEE COMPOSITES, INC.,

                Defendant.

## DECISION AND ORDER

**1. Facts and Procedural History**

Plaintiff Geovanni Pagan Hernandez filed a complaint on January 26, 2022, in which he alleged that his former employer, defendant Milwaukee Composites, Inc., fired him for making a mistake "on the CNC machine." (ECF No. 1 at 2.) He sought $7,500,000 for "loss of salary, humiliation, and emotional damage." (ECF No. 1 at 3.)

Because Pagan Hernandez sought to proceed without prepaying the filing fee, the court reviewed his complaint and concluded that he had failed to allege a plausible claim for relief that was cognizable in federal court. (ECF No. 3 at 4.) However, the court gave him the opportunity to submit an amended complaint. (ECF No. 3 at 4-5.)

Pagan Hernandez filed an amended complaint on February 22, 2022, in which he alleged that he suffered discrimination because an employee refused to train him "[d]ue to the language barrier." (ECF No. 6 at 2.) He also complained of other incidents where people "would … use obscene language when refering [sic] to [him]," an incident in which a coworker let go of a fiberglass panel, injuring Pagan Hernandez, and when he was terminated on October 8, 2019, and forced to sign his termination notice. (ECF No. 6 at 2-6.)

Applying the low standard applicable to the screening of complaints under 28 U.S.C. § 1915, Pagan Hernandez had plausibly alleged that he suffered discrimination due to his actual or perceived national origin. (ECF No. 8 at 2-3.) Therefore, the court allowed the action to proceed. (ECF No. 8 at 3.)

On April 29, 2022, Milwaukee Composites moved to dismiss the amended complaint. (ECF No. 13.) Pagan Hernandez did not respond, and on May 5, 2022, Milwaukee Composites filed an amended motion to dismiss that included notices required by Civil Local Rules 12 and 56(a)(1). (ECF No. 17.) When Pagan Hernandez again did not respond, the court entered an order giving him a final chance to do so. (ECF No. 18.) Pagan Hernandez responded (ECF No. 19), and Milwaukee Composites replied (ECF No. 20).

All parties have consented to the full jurisdiction of this court. (ECF Nos. 5, 11.) Milwaukee Composites' motions to dismiss are now ready for resolution.

2. **Motion to Dismiss Standard**

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim satisfies this pleading standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. The court accepts "all well-pleaded facts as true and constru[es] all inferences in favor of the plaintiffs." *Gruber v. Creditors' Prot. Serv.*, 742 F.3d 271, 274 (7th Cir. 2014).

3. **Applicable Law**

Federal law prohibits employers from discriminating against employees due to certain protected statuses, such as race, color, religion, sex, national origin, 42 U.S.C. § 2000e-2(a)(1), age, 29 U.S.C. §§ 631(a), 623(a), or disability, 42 U.S.C. § 12112(a). However, there is no federal law guaranteeing an employee's right to be treated fairly by his employer. *See Ptasznik v. St. Joseph Hosp.*, 464 F.3d 691, 697 (7th Cir. 2006) ("Federal courts have authority to correct an adverse employment action only where the employer's decision is unlawful, and not merely when the adverse action is unwise or even unfair.").

Before a plaintiff may bring a discrimination claim in federal court, he ordinarily must first attempt to resolve the issue administratively by filing a claim with the Equal Employment Opportunity Commission or the Wisconsin Department of Workforce Development Equal Rights Division. After the administrative agency completes its review, the person then has 90 days to file a lawsuit in federal court. 42 U.S.C. § 2000e-5(f)(1); *DeTata v. Rollprint Packaging Prods.*, 632 F.3d 962, 970 (7th Cir. 2011). Because a plaintiff's failure to timely file a lawsuit is an affirmative defense, the defendant bears the burden to show that the action is untimely. *DeTata*, 632 F.3d at 970.

The 90-day clock starts to run when the plaintiff received the "right to sue" letter from the agency. *Id.* at 967 (citing *Prince v. Stewart*, 580 F.3d 571, 574 (7th Cir. 2009)). However, because it can be difficult for a defendant to affirmatively prove when the plaintiff received the letter, a court may assume that the plaintiff received the letter within five days following mailing and leave it to the plaintiff to present evidence that he did not. *Kelly-Kidd v. Milwaukee Area Tech. Coll.*, No. 20-CV-1638, 2021 U.S. Dist. LEXIS 94031, at *5 (E.D. Wis. May 18, 2021) (citing *Loyd v. Sullivan*, 882 F.2d 218, 218 (7th Cir. 1989); *Hardiman v. Lipnic*, 455 F. Supp. 3d 693, 701 (N.D. Ill. 2020)).

4. **Analysis**

The Equal Rights Division issued a "No Probable Cause" finding and dismissed Pagan Hernandez's claim on May 2, 2019. (ECF No. 15-2.) Pursuant to Federal Rule of Evidence 201, the court accepts this document and other administrative records

presented by Milwaukee Composites in support of its motion to dismiss. *See McFarland-Lawson v. Ammon*, 847 F. App'x 350, 355 (7th Cir. 2021).

The EEOC adopted the Equal Rights Division's finding on August 19, 2019. (ECF No. 15-3.) In doing so, the EEOC advised Pagan Hernandez, "You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost." (ECF No. 15-3 (emphasis in original).) Presuming that Pagan Hernandez received the letter no later than August 24, 2019, he had until November 22, 2019, in which to file a lawsuit in federal court. By waiting until January 26, 2022, Pagan Hernandez's lawsuit appears to be more than two years too late unless he can prove he did not receive the right to sue letter until much later or he can present some other reason to excuse his untimeliness.

Pagan Hernandez's response is four sentences long and does not address the merits of Milwaukee Composites' arguments. He asserts simply that his "case is real" and he wants to proceed. (ECF No. 19.)

Consequently, the court must conclude that Pagan Hernandez's complaint is untimely. Therefore, it must be dismissed. Because Pagan Hernandez has already amended his complaint once and the untimeliness of his complaint does not appear to be remediable through amendment, the court will dismiss this action and do so with prejudice.

**IT IS THEREFORE ORDERED** that Milwaukee Composites, Inc.'s motion to dismiss (ECF No. 13) and amended motion to dismiss (ECF No. 17) are **granted**. Geovanni Pagan Hernandez's complaint and this action are **dismissed with prejudice**.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment (60 days if one of the parties is, for example, the United States, a United States agency, or a United States officer or employee sued in an official capacity). *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate.

Dated at Milwaukee, Wisconsin this 6th day of July, 2022.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge